[No. 5906.]

## Diez v. Hartbauer.

1.   Water Rights—Change of Place of Diversion or Use—Appropriator of water may not change the point of diversion, the character or place of use, or enlarge the use, to the injury of other appropriators; with this qualification, a change may be made at will, and the right is a vested property.—(600)

Water which has been used upon one side of a stream may, where its use there is no longer needed, be applied to the irrigation of lands upon the other side.—(601)

2.   Evidence—It seems that, in a case where an appropriator of water is asserting that he has been damnified by a change in the place of use of water by another appropriator, the injury alleged must be traced to the conduct of the other party as its cause.—(601)

*Appeal from Custer District Court*—Hon. Morton S. Bailey, Judge.

Mr. J. G. Schweigert, for appellants.

Mr. John R. Smith, for appellee.

Mr. Justice Campbell delivered the opinion of the court:

The object of the action was to prevent defendant from diverting and using on his agricultural lands the waters of a natural stream, to the injury, as is said, of plaintiff's vested rights thereto. The par-

ties own lands adjacent to Colony creek in Custer county, and have obtained decreed priorities of right to the use of the waters thereof, for irrigating the same, defendant's right being superior to that of plaintiff. Each of them owns subsequent appropriations which are not material to the pending controversy. Part of defendant's tract lies on the north, and part on the south, side of the stream. It is the claim of plaintiff, which he attempted, but failed, to prove, that defendant, after he had, with his decreed priority, irrigated his land upon the north side of the stream, afterwards, and during the same season, irrigated the land on the south side. In other words, that he attempted to make the same appropriation of water do double duty during the same irrigating season, which this court, in *Fort Lyon Canal Co. v. Chew*, 33 Colo. 392, said could not be done. Plaintiff also invokes the familiar rules that an appropriator of water for irrigation may not change the place of use, the point of diversion, the character of the use, or make an enlarged use of his original appropriation, to the prejudice of the rights of other appropriators from the same source of supply, after their rights have attached. The difficulty with plaintiff's case is that the evidence does not bring it within any of the rules enunciated in the cases to which he refers and on which he relies. We have carefully read the evidence, and agree with the conclusion reached by the trial court that plaintiff entirely failed to make out the case stated in the complaint. It is, of course, well established with us that an appropriator of water for irrigation may not change the point of diversion, the character, or place, of use, or enlarge the same to the injury of other appropriators; but, with this qualification, the right to do so is a vested property right which attaches to the appropriation, and may be made at the will of the appro-

priator. As we read the record it is not in serious dispute, but if so, all issues have been resolved in his favor, that defendant's appropriation was made, not merely for that portion of his tract of land which lies on the north, but as well for that on the south, side of the stream. There is no provision or clause in that subdivision of the general statutory decree, another subdivision of which defines plaintiff's rights, which limits the appropriation to any particular portion of the entire tract which defendant, at the time, owned. It is in evidence that from time to time, after the appropriation was made, defendant used it indiscriminately upon his land on both sides of the creek. During the last few years immediately preceding the beginning of this action, it has been used chiefly, if not altogether, upon the lands south of the stream, because, from the irrigation of lands higher up and from natural causes, defendant's land on the north side received, from seepage and other sources, enough water, without spreading upon it the water covered by his appropriation direct from the stream. This he had the right to do.

Plaintiff did not succeed, at least to the satisfaction of the trial court, in proving that defendant used this appropriation first upon the land on the north, and afterwards, and during the same season, upon an additional and equal acreage on the south, side. Neither did he show that at any time defendant diverted from the common source of supply any greater quantity than that covered by his decree. In other words, there is no showing that defendant exceeded, either in volume or in time, his decreed appropriation. There is testimony that during these later years, and after defendant ceased to use his decreed appropriation in irrigating lands on the north side of the stream, plaintiff has not been able, at all times, to obtain the full volume of his decreed priority; but

the showing is entirely lacking that such failure is due to any wrongful act of defendant. Indeed, the trial court was justified in finding that instead of injury resulting to plaintiff from defendant's irrigation of lands on the south side, his lands were benefited by the seepage and return water, after it left defendant's lands, which they would not have received had defendant's irrigation been confined to his land on the north side.

Notwithstanding the insistence of plaintiff in his argument, we have not before us a case where defendant is attempting to use a greater volume of water, or to use a rightful volume for a longer time than he is entitled to, or where he is wasting water or using it when he has no need of it. Neither is there any merit in plaintiff's claim that defendant has, without complying with our statute, changed the point of diversion of his ditch. In irrigating his land on the south side of the stream defendant takes the water from the stream through the original headgate of his ditch, the same as when he irrigated the lands on the north side. The building of a flume across the stream, and connecting it with the main ditch at a point below its headgate, amount to nothing more than building a lateral ditch from the main ditch for convenience in irrigating different parts of the tract of land for which the appropriation was made.

In reaching our conclusion, we are not to be understood, of course, as passing upon any conflicting rights which are not here involved. And if, hereafter, defendant should make such change in the place of the use of the water, or enlarge his appropriation, either in volume or time, nothing determined in this case would preclude plaintiff from obtaining the appropriate relief, if he should be entitled to any.

The record abundantly justifies the findings of fact which the trial court made in defendant's favor.

Defendant has not exceeded his lawful rights. Plaintiff has not been injured. The judgment, based on such findings, dismissing the action, is therefore affirmed.                                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.